145 F.3d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
June YASUDA, Individually and as decedent's successor in
interest on behalf of the Estate of Kozo Yasuda;
Kozo Yasuda, Estate of, Plaintiffs-Appellants,
v.
STRAUB CLINIC AND HOSPITAL, INC., a Hawaii corporation dba
Doctors on Call; Tanaka of Tokyo Restaurants,
Ltd., a Hawaii corporation, Defendants-Appellees.
 No. 97-15067.
D.C. No. CV-95-01074-DAE.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1998**.
Decided May 11, 1998.
 
 Appeal from the United States District Court for the District of Hawaii David A. Ezra, District Judge, Presiding.
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 June Yasuda appeals the district court's summary judgment in her diversity action against Tanaka of Tokyo, the Straub Clinic and Dr. Cohan. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Yasuda first argues that Tanaka breached its duty to aid Kozo Yasuda by escorting him to Doctors on Call instead of calling 911. Since our review is de novo and we independently review the record, it doesn't matter whether the district court misconstrued the facts, as Yasuda contends. Rather, her appeal turns on whether Tanaka was obliged to call 911 under the circumstances. On this, we agree with the district court that Tanaka's duty (which was to exercise reasonable care by summoning or assisting Kozo Yasuda to obtain medical assistance within a reasonable period of time after it became aware that medical attention was necessary) was not breached. Although Yasuda asked Tanaka to call 911, Mr. Yasuda himself was coherent and said he didn't need a doctor. However, while he was in the lounge he agreed to go to Doctors on Call, where he was taken by Tanaka. The fact that he had fainted for a spell did not, in and of itself, impose a duty on Tanaka to call 911 or indicate to it that Mr. Yasuda's condition was as serious as it turned out, the next day, to be. Given what was known to Tanaka at the time, we can't say that it breached any duty it owed to Mr. Yasuda.
 
 II
 
 4
 Yasuda argues that she should not have been required to present expert testimony to establish the relevant standard of medical care. We disagree, as the common knowledge exception upon which she relies is rarely used, Craft v. Peebles, 78 Hawai'i 287, 298, 893 P.2d 138 (1995), and is appropriate only in circumstances where negligence is obvious to a layperson, for example, when instruments are not sterilized or a wrong part of a patient's anatomy is removed. Id. Discharging Mr. Yasuda after administering intravenous fluids and observing him for a couple of hours is not obviously negligent in light of the medical history that was taken, and all the circumstances involved. Yasuda suggests that Mr. Yasuda should have been hospitalized just because injury or death is a possible consequence of losing consciousness, but offers neither evidence nor authority in support. Likewise, her contention that Dr. Cohan negligently failed to account for the possibility of arrythmia is unsupported. His plausible explanation for Mr. Yasuda's condition was uncontroverted. Absent some basis in the record that would support a finding that Dr. Cohan's treatment fell below the applicable standard, and in light of evidence to the contrary from Dr. Kobayashi and Dr. Cohan, the district court did not err in concluding that Yasuda failed to meet her burden under Nishi v. Hartwell, 52 Haw. 188, 473 P.2d 116 (1970), overruled on other grounds Carr v. Strode, 79 Hawai'i 475, 904 P.2d 489 (1995),and Peebles, 78 Hawai'i at 298, 893 P.2d 138.
 
 III
 
 5
 Yasuda's request that Judge Ezra be disqualified if we reverse is moot, because we affirm.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3